IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

DERRICK M. ALLEN, SR., )
)
       Plaintiff, )
)
v. ) 1:20CV846
)
DURHAM POLICE DEPARTMENT, )
et al., )
)
       Defendant(s). )

ORDER AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff, a former prisoner of the State of North Carolina, submitted a civil rights action pursuant to 42 U.S.C. § 1983, together with an application to proceed *in forma pauperis*. He also later submitted multiple Supplements and two motions seeking to amend his Complaint. The form of the Complaint is such that a serious flaw makes it impossible to further process the Complaint. The problem is:

1.     The filing fee was not received nor was a proper affidavit to proceed *in forma pauperis* submitted, with sufficient information completed or signed by Plaintiff, to permit review. Plaintiff submitted an *in forma pauperis* application, but failed to state the balance of his prison trust account as required. Also, the Court notes that, given Plaintiff's subsequent release from custody, he would now need to submit the *in forma pauperis* application for nonprisoner filers if he continues to seek to file *in forma pauperis*.

Consequently, the Complaint should be dismissed, but without prejudice to Plaintiff filing a new complaint, on the proper § 1983 forms, which corrects the defect of the present Complaint. The Court notes that the Complaint and other filings also seek to name certain

Defendants who are not proper. Some, such as state court judges and prosecutors, are immune from damages for actions taken in handling Plaintiff's state court criminal cases. See Stump v. Sparkman, 435 U.S. 349 (1978) (judges); Buckley v. Fitzsimmons, 509 U.S. 259 (1993) (prosecutors). Other Defendants are named only in their capacity as supervisors, but theories of *respondeat superior* or liability predicated solely on a defendant's identity as a supervisor do not exist under § 1983. Ashcroft v. Iqbal, 556 U.S. 662, 677 (2009). Finally, it is not clear that one Defendant, "North Carolina Intelligence System" even exists as a discrete entity. Plaintiff should limit any refiled action to proper Defendants. If Plaintiff seeks to refile his action, he should seek the proper forms for doing so from the Clerk of Court.

*In forma pauperis* status will be granted for the sole purpose of entering this Order and Recommendation. Plaintiff's Motions to Amend (Docket Entries 3, 8) will be denied without prejudice in light of the recommendation of dismissal.

IT IS THEREFORE ORDERED that *in forma pauperis* status is granted for the sole purpose of entering this Order and Recommendation and that Plaintiff's Motions to Amend (Docket Entries 3, 8) are denied without prejudice in light of the recommendation of dismissal.

IT IS RECOMMENDED that this action be filed and dismissed *sua sponte* without prejudice to Plaintiff filing a new complaint, on the proper § 1983 forms, which corrects the defect cited above.

This, the 13th day of April, 2021.

/s/ L. Patrick Auld
**L. Patrick Auld**
**United States Magistrate Judge**